```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

DAVID LEACH                    :
                               :    NO. 1:06-CV-00525
    Plaintiff,             :
                               :
                               :
  v.                           :    **OPINION AND ORDER**
                               :
                               :
KENETIC CONCEPTS, INC.         :
                               :
    Defendant.             :

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Stay Proceedings (doc. 6), to which Plaintiff filed no opposition. For the reasons indicated herein, the Court GRANTS Defendant's motion.

**I.  Background**

Plaintiff David Leach ("Leach") was employed by Defendant Kenetics Concepts, Inc. ("Kenetics"), a medical equipment supply company, from July 2003 to July 14, 2005, most recently as a service manager (Doc. 2). Plaintiff's responsibilities included overseeing maintenance, cleaning, and pick-up and delivery of Defendant's medical equipment (Id.)  On July 11, 2005, Defendant states it informed Plaintiff that it was suspending him with pay, pending an investigation into an allegation by fellow employees that he had ordered the falsification of documents, and that he had created a hostile and disruptive work environment (Id.).  After it

completed its investigation, Defendant terminated Plaintiff on July 14, 2005 (Id.).

Plaintiff filed a complaint in the Hamilton County, Ohio, Court of Common Pleas alleging wrongful discharge, defamation, slander, and breach of express and/or implied employment contract (Id.).  Defendant subsequently removed the case to this Court (doc. 1).

**II.  Defendant's Motion to Compel Arbitration**

On September 26, 2006, Defendant filed the instant motion to compel arbitration and stay proceedings (Doc. 6).  Defendant argues in its motion that Plaintiff's dispute is subject to an arbitration provision contained in its "Team Member Handbook," an arbitration provision that Plaintiff acknowledged in writing on July 24, 2003, when he was hired (Id.).  The arbitration provision states that "all disputes. . . between the Company and an employee. . . should be resolved through the use of arbitration" (Id.).  The term dispute is defined as "any and all claims, disputes or issues. . . [that] arise out of employment or termination of employment of the Employee including without limitation. . . claims for breach of any contract or covenant (express or implied); tort claims. . .and claims under federal or state common law" (Id.).

**III.  Discussion**

There is a strong federal policy favoring the enforcement of arbitration agreements.  <u>Moses H. Cone Memorial Hosp. v. Mercury</u>

Constr. Corp., 460 U.S. 1, 24 (1983), Cooper v. MRM Investment Co., 367 F.3d 493, 498 (6th Cir. 2004), Walker v. Ryan's Family Steak Houses, Inc., 400 F.3d 370, 376-77 (6th Cir. 2005).  An arbitration provision in a written contract shall be enforced unless found unenforceable on grounds that exist in law or equity for the revocation of any contract.  9 U.S.C. § 2.  A suit pending in a U.S. District Court shall be stayed pending completion of arbitration in accordance with a valid agreement to arbitrate.  9 U.S.C. § 3.

Before compelling arbitration a court must determine whether a valid arbitration agreement exists between the parties and whether the specific dispute falls within the scope of that agreement.  Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003).  Doubts concerning the scope of an arbitration provision are to be resolved in favor of compelling arbitration. Moses H. Cone Memorial Hosp., 460 U.S. at 24-25.

The first inquiry of the Court must be whether an agreement to arbitrate exists between the parties.  Defendant asserts in its motion to compel arbitration that Plaintiff received a copy of the arbitration provision and signed an acknowledgment of the provision (doc. 6.)  In its Answer, Defendant provides copies of the arbitration provision and the signed acknowledgment (doc. 4).  Plaintiff has not disputed that he received the arbitration agreement nor that he signed the acknowledgment.

-3-

An arbitration agreement will be enforced unless found unenforceable on grounds that exist in law or equity for the revocation of any contract. 9 U.S.C. § 2. The Court reviews the enforceability of an arbitration provision according to the applicable state law of contract formation. Morrison v. Circuit City Stores, Inc.,317 F.3d 646, 652 (6th Cir. 2003). The current case is based on Plaintiff's employment by Defendant in the state of Ohio (doc. 2), and the arbitration provision states that the "arbitrator shall apply the substantive law . . . of the state in which the dispute arose" (doc. 4). Therefore, the Court will apply Ohio law of contract formation.

Under Ohio law, a contract can be unenforceable on the ground of unconscionability. Morrison v. Circuit City Stores, Inc., 317 F.3d at 666. The Ohio unconscionability doctrine has two components, (1) substantive unconscionability, i.e., based upon unfair and unreasonable contract terms, and (2) procedural unconscionability, i.e., based on the circumstances of each party relative to the formation of the contract. Id. Both elements must be present to find a contract unconscionable. Id.

One consideration in the analysis of unconscionability is whether the contract is one of adhesion. An adhesion contract is a standardized contract offered on a take it or leave it basis. Sekeres v. Arbaugh, 31 Ohio St.3d 24, 31, (1987). Contracts signed during the course of applying for employment do not constitute

-4-

adhesion contracts where the applicant could choose to apply for jobs with other employers. Beauchamp v. Great West Life Assurance Co., 918 F.Supp. 1091, 1098 (E.D.Mich.1996), See also, Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991)("Mere inequality in bargaining power. . .is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context").

In this case, Plaintiff does not assert that the arbitration provision is unconscionable in that it unfairly imposed arbitration as a condition, nor that he had no other job opportunities. Therefore, the Court finds that the arbitration provision is enforceable under the applicable law of the state of Ohio, and that an agreement existed between the parties to arbitrate issues that fall within the scope of the provision.

Next, the Court must determine if the dispute falls within the scope of the arbitration provision. The provision states that all disputes, including claims for breach of contract, tort claims, and claims under federal or state common law, must be resolved through arbitration (doc. 6). Plaintiff makes no argument that the present dispute does not fall within the scope of the arbitration provision. The Court finds the provision unambiguously encompasses the dispute between the parties.

Where an agreement between the parties to arbitrate exists and the dispute falls within the scope of that agreement,

the Court must compel arbitration unless the agreement is not enforceable on grounds that exist at law or equity for the revocation of any contract.  9 U.S.C. § 2.  Plaintiff has not asserted any grounds on which the Court should find the arbitration provision unenforceable.

**IV. Conclusion**

The Court has reviewed the Defendant's motion to compel arbitration and concludes that an agreement to arbitrate exists between the parties.  The Court further finds that the present dispute falls within the scope of the provision.  Finally, the Court finds no reason existing in law or in equity for revocation of the arbitration provision.  Accordingly, the Court finds Defendant's position well-taken, and GRANTS Defendant's Motion to Compel Arbitration and to Stay Proceedings (doc. 6).

SO ORDERED.

Dated: November 16, 2006       /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge